UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., <br><br>Plaintiff <br><br>v. <br><br>USF REDDAWAY INC., an Oregon corporation, <br><br>Defendant. | NO. <br><br>COMPLAINT TO COMPEL AUDIT |

I.

Plaintiff, Northwest Administrators, Inc., is an organization incorporated under the laws of the State of Washington, with its principal place of business in King County, and is the authorized administrative agency for and the assignee of the Washington Teamsters Welfare Trust Fund and the Retirees Welfare Trust Fund (hereinafter "Trusts").

II.

The Washington Teamsters Welfare Trust Fund is an unincorporated association operating as a Trust Fund pursuant to Section 302 of the Labor

COMPLAINT TO COMPEL AUDIT - 1
G:\01-01999\520\USF Reddaway 126374 COMPEL 4-11-5-15\Complaint.doc

Management Relations Act of 1947, as amended, to provide medical benefits to eligible participants.

III.

The Retirees Welfare Trust Fund is an unincorporated association operating as a Trust Fund pursuant to Section 302 of the Labor Management Relations Act of 1947, as amended, to provide retirement benefits to eligible participants.

IV.

This Court has jurisdiction over the subject matter of this action under Section 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e)(1) and (f) and under §301(a) of the Taft-Hartley Act, 29 U.S.C. §185(a).

V.

Venue is proper in this District under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), because the Plaintiff's Trust Funds are administered in this District.

VI.

Defendant is an Oregon corporation.

VII.

Defendant is bound to a collective bargaining agreement with Local 174 of the International Brotherhood of Teamsters (hereinafter "Local"), under which the Defendant is required to promptly and fully report for and pay monthly contributions to

COMPLAINT TO COMPEL AUDIT - 2
G:\01-01999\520\USF Reddaway 126374 COMPEL 4-11-5-15\Complaint.doc

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

the Trusts at specific rates for each hour of compensation (including vacations, holidays, overtime and sick leave) said Defendant pays to its employees who are members of the bargaining unit represented by the Local (such bargaining unit members are any of the Defendant's part time or full time employees who perform any work task covered by the Defendant's labor contract with the Local, whether or not those employees ever actually join the Local).

VIII.

Defendant accepted the Trusts' Agreements & Declarations of Trust ("Trust Agreements") which provide in part:

> Each Employer shall promptly furnish to the Trustees on demand any and all records of his Employees, concerning the classification of such Employees, their names, Social Security numbers, amount of wages paid and hours worked and any other payroll records and information that the trustees may require in connection with the administration of the Trust Fund. Each Employer shall also submit in writing to the trustees at such regular periodic intervals and in such form as the Trustees may establish such of the above data as may be requested by the trustees. The Trustees or their authorized representatives may examine the payroll books and records of each Employer whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund. Upon request from the Trustees, each Employer shall deliver in person or by such class of mail as the Trustees shall determine to each of his employees, and each Union shall deliver to each of its members, who is a participant or beneficiary hereunder, any notice or document which the Trustees are required by law to distribute to such participant or beneficiaries.

COMPLAINT TO COMPEL AUDIT - 3
G:\01-01999\520\USF Reddaway 126374 COMPEL 4-11-5-15\Complaint.doc

IX.

The Trust Funds deem it both necessary and advisable to the proper administration of the Trusts that their authorized representatives examine the Defendant's books and records for the inclusive period April 1, 2011 through June 30, 2015 to determine if the Defendant previously reported for and paid to the Trusts all of the amounts due for the Defendant's employment of members of the bargaining unit represented by the Trusts for said periods.

X.

Despite notification to the Defendant of the Trustees' desire to conduct an audit for the period April 1, 2011 through June 30, 2015, and demands made upon the Defendant on the Trusts' behalf for access to Defendant's records for an examination of them for that period, to date the Defendant has failed and refused to make all of its records available for the thorough examination the Trustees deem necessary and advisable to the proper administration of the Trusts.

WHEREFORE, plaintiff, on the Trusts' behalf, prays the court as follows:

1. That the Court enter an Order Compelling Audit under which Defendant shall be directed by the Court, within a specified time, to:

   A. Make available to the authorized representatives of the Trustees of the Trusts the following documents for the period April 1, 2011 through June 30, 2015 for the USF Reddaway Inc., Kent WA location:

COMPLAINT TO COMPEL AUDIT - 4
G:\01-01999\520\USF Reddaway 126374 COMPEL 4-11-5-15\Complaint.doc

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

      1. Individual payroll records for all employees;
      2. Employee roster listing all employees, with hire or position date changes;
      3. State Employer Security Reports; and
      4. Payroll or accounts payable records for temporary agency personnel.

B. Afford to the authorized representatives of the Trustees of the Trusts both ample time and opportunity to examine all such materials of Defendant at such time and at such place as shall be convenient to the Trustees' authorized representatives.

2. For judgment against the Defendant for:

A. All of the Plaintiff's attorney's fees incurred in gaining auditor access to Defendant's records;

B. All of the Plaintiff's costs incurred in gaining auditor access to defendant's records, and

C. For such other and further relief as the Court may deem just and equitable.

DATED this 31st day of August, 2016.

REID, McCARTHY, BALLEW & LEAHY, L.L.P.

_____
Russell J. Reid, WSBA #2560
Attorney for Plaintiff

COMPLAINT TO COMPEL AUDIT - 5
G:\01-01999\520\USF Reddaway 126374 COMPEL 4-11-5-15\Complaint.doc

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925